# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GRETA ARLENE HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-4271-CV-C-NKL |
| | ) |
| ALYSON F. CAMPBELL, et al. | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Greta "Arlene" Hudson ("Hudson") alleges several claims arising out of an application for Medicaid benefits denied by the Missouri Family Support Division ("FSD"). She names as defendants Alyson Campbell ("Campbell"), director of the FSD, and Ronald J. Levy ("Levy"), director of the Missouri Department of Social Services, both in their official capacities. Before the Court is Campbell and Levy's Motion to Dismiss [Doc. # 7]. For the following reasons, the Court grants the motion.

**I.    Factual Background[1]**

Hudson filed her application for Medicaid health insurance and Medical Assistance vendor benefits with FSD on December 24, 2008. On August 10, 2009, FSD rejected Hudson's application for Medical Assistance vendor benefits because it claimed she transferred property between October 2005 and October 2006 with a value that made

---
[1] Although it is not completely clear what happened, these facts are based on the Court's understanding of Hudson's Amended Complaint [Doc. # 4] and are assumed true for purposes of this motion to dismiss.

1

her ineligible for the benefits. Ten days later, on August 20, 2009, Hudson requested an administrative hearing to contest FSD's decision on the vendor benefits.

On September 2, 2009, FSD wrote Hudson to request her bank statements from September 2008 to September 2009. Hudson did not respond to FSD's request. When it received no response from Hudson, FSD rejected her Medicaid application on October 2, 2009, for failure to provide information. Almost immediately, on October 6, 2009, Hudson requested an administrative hearing in order to contest FSD's decision on the Medicaid benefits. This hearing was scheduled for November 4, 2009, but was continued over Hudson's protest until December 23, 2009, to provide the eligibility specialist in the case, Mary Ann Schultz, the ability to obtain counsel to represent her.

On December 22, 2009, the day before the rescheduled hearing was to be held, Schultz notified Hudson that FSD was withdrawing the original Notice of Case Action and replacing it with a new Notice of Case Action. Apparently, the FSD was changing the reason for its denial of benefits. The following day, December 23, 2009, Schultz informed Hudson that her hearing request was being withdrawn based on the new Notice of Case Action. Later that day, the hearing officer granted FSD's request to withdraw. After granting FSD's withdrawal request, the hearing officer declared that he no longer had jurisdiction over the matter and that Hudson needed to request a new hearing to appeal the grounds for denial contained in the December 22, 2009 Notice of Case Action.

Hudson responded by filing a Complaint [Doc. # 1] in this Court against Campbell and Levy. In her amended complaint [Doc. # 4], Hudson alleges violations of her constitutional rights under 42 U.S.C. § 1983 relating to the hearing's procedure and

2

FSD's handling of her application. Hudson asks this Court for twelve specific remedies, many of which are requests for declaratory and injunctive relief. Hudson also seeks Medicaid health insurance and Medical Assistance vendor benefits retroactive to November 1, 2008, when she believes she first became eligible, as well as compensation for medical bills, long-term care assistance, and attorney's fees and costs.

## II. Discussion

Both defendants move to dismiss based on *Younger* abstention, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted. When considering a motion to dismiss, the court must accept as true all of the factual allegations made in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, Hudson need only have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

### A. Abstention

The Court will abstain from exercising jurisdiction over Hudson's declaratory and injunctive claims. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction in cases where the requested relief would interfere "with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Federal courts must abstain from hearing cases "when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an

adequate opportunity to raise the federal questions presented." *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002) (citation omitted).

Hudson's claims in this case fall within the purview of *Younger*. First, Hudson's Complaint demonstrates that there is an ongoing state judicial proceeding. When FSD denied Hudson's Medicaid health insurance and Medical Assistance vendor benefit claims, Hudson had the ability to appeal the denial to the FSD director and request a hearing before the director or his designee. *See* Mo. Rev. Stat. § 208.080. Hudson filed such an appeal, but because of the new Notice of Case Action filed by FSD on December 22, 2009, FSD required Hudson to file her appeal again. Hudson has not filed a second appeal, and thus a hearing has not been held and a decision from that hearing has not been issued. If the FSD director or his designee rules against Hudson, she may appeal to the state circuit court. *Id.* at § 208.100. And if the circuit court also rules against Hudson, she may seek relief in the state appellate courts. *Id.* at § 208.110. Until these statutory avenues have been exhausted, this is an ongoing state judicial proceeding. *See Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1144 (8th Cir. 1990) ("Since *Huffman* [*v. Pursue, Ltd.*, 420 U.S. 592 (1975)], courts have consistently held that a party cannot avoid *Younger* by choosing not to pursue available state appellate remedies.") (citing *Pennzoil Co. v. Texaco*, 481 U.S. 1, 16-17 (1987); *Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980)). Because this process may take time to resolve, both Missouri and federal law provide for retroactive benefits if an applicant is found to have been wrongly denied. *See* 42 C.F.R. § 431.246; Mo. Rev. Stat. § 208.090.

Hudson relies upon a Tenth Circuit decision based upon similar facts to argue that abstention is not appropriate. *See Brown v. Day*, 555 F.3d 882 (10th Cir. 2009). In *Brown*, the Tenth Circuit held that abstention in a Medicaid benefits case was not appropriate because *Younger* did not apply to remedial proceedings, and that a Medicaid proceeding was remedial. *Id.* at 893. But as Campbell and Levy point out, the Tenth Circuit admitted that the Eighth Circuit disagreed with their decision. *Id.* at 892 n.8 (noting that the Eighth Circuit applied *Younger* abstention to state administrative proceedings in *Alleghany Corp.*, 896 F.2d at 1143). No matter how persuasive the Tenth Circuit's reasoning in *Brown* might be, this Court is bound by the decisions of the Eighth Circuit.

Second, the state proceeding implicates the important state interests of allowing a state agency to administer its Medicaid program and allowing state courts to administer their own cases without federal interference. Medicaid is jointly financed by the federal and state governments, but it is administered by the states. *Children's Healthcare Is a Legal Duty, Inc. v. Min De Parle*, 212 F.3d 1084 (8th Cir. 2000). The Medicaid Act confers broad discretion on the states that must be exercised reasonably and consistent with the Act. *Smith v. Rasmussen*, 249 F.3d 755, 759 (8th Cir. 2001) (citing *Beal v. Doe*, 432 U.S. 438, 444 (1977)). Thus, it is important for the state agency to administer its Medicaid program.

Third, the state proceedings provide a forum to address the issues raised by Hudson. Though her claims seek relief under federal statutes, the cornerstone of her Complaint is the state's application of state law procedures. As Campbell and Levy note,

5

the Medicaid Act provides that the eligibility determination is made at the state or local level, 42 U.S.C. § 1396a(a)(5), and the hearing arising from these determinations is held at the state level. *Id.* at § 1396a(a)(3); 42 C.F.R. §§ 431.205, 431.220. Following that hearing, state courts in Missouri hear any appeals. Mo. Rev. Stat. §§ 208.100, 208.110. State courts also may hear constitutional challenges to administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Schs, Inc.*, 477 U.S. 619, 629 (1986). Missouri has provided a forum to address Hudson's claims.

Hudson's claims satisfy the elements of *Younger*. Therefore, the Court finds *Younger* applicable to Hudson's claims for equitable relief and will not exercise jurisdiction. Applying *Younger* abstention to Hudson's damages claims would normally mandate staying, rather than dismissing, those claims. *Id.* at 603-04 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)) (stating that, where *Younger* abstention is appropriate, equitable claims may be dismissed but damages claims should be stayed unless those claims call upon a federal court to declare a state statute unconstitutional). However, staying Hudson's damages claims would cause needless work and expense for the Court and the parties, as those claims are futile. As discussed below, these claims are subject to an immunity defense which bars them.

Under certain circumstances, the *Younger* doctrine allows courts to not abstain. For example, when there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, a court need not abstain. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). As discussed below, extraordinary circumstances exist here that necessitate the

Court decline to abstain and instead dismiss the monetary claims on the merits. *See Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006) (in a § 1983 case, affirming dismissal of claims on the basis of (1) *Younger* as to declaratory and injunctive claims and (2) the Eleventh Amendment and prosecutorial immunity as to damages claims); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1323-24 (7th Cir. 1995) (in a § 1983 case, affirming district court's (a) abstaining from exercising injunctive and declaratory claims based on *Younger* and (b) dismissing of damages claims based on judicial immunity).

### B. Eleventh Amendment Immunity

Hudson's monetary damages claims against Campbell and Levy in their official capacities are barred by the Eleventh Amendment. "Suits against state officials in their official capacity . . . should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1999). Campbell and Levy are both state agency directors. Hudson denies seeking monetary relief, yet her Complaint asks this Court to award retroactive Medicaid benefits, compensation for medical bills and long-term care assistance, and attorney's fees and costs. Though these are not denominated as monetary damages, the only way Hudson could receive this requested relief is through a monetary judgment against Campbell and Levy. The state is immune from Hudson's damages claims under the Eleventh Amendment, and this immunity extends to Campbell and Levy. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).[2]

### III. Conclusion

---

[2] The Court does not reach Campbell and Levy's arguments concerning Hudson's failure to state a claim.

The Court abstains from exercising jurisdiction over Hudson's injunctive and declaratory claims under *Younger*, and those claims are dismissed. Hudson's damages claims are dismissed on the basis of Eleventh Amendment immunity.

Accordingly, it is hereby ORDERED that Campbell and Levy's Motion to Dismiss [Doc. # 7] is GRANTED.

                                                   s/ Nanette K. Laughrey
                                                   NANETTE K. LAUGHREY
                                                   United States District Judge

Dated: April 26, 2010
Jefferson City, Missouri